IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLERK'S COPY

FILED
AT ALBUQUERQUE NM

JUL 27 1999

ROBERT M. MARCH
CLERK

LEE AUDRY MOORE,

    Plaintiff,

v.    No. CIV-99-0638 JC/WWD

JEFF SERNA, DIRECTOR OF CLASSIFICATION--
NEW MEXICO DEPT. OF CORRECTIONS,
EDUARDO C. LUCERO, EXECUTIVE
DIRECTOR PAROLE BOARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.



1992).

The complaint alleges that Plaintiff is serving five consecutive life sentences. Defendant Lucero has incorrectly calculated meritorious deductions from these sentences, and, as a result, Plaintiff has been wrongly denied parole. The complaint seeks restoration of good time credits against Plaintiff's sentences and reinstatement of parole as to his third sentence. Plaintiff's claims for restoration of good time credit and parole affect the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *cf. Green v. Knowles*, No. 98-1008, 1998 WL 458561, at **1 (10th Cir. Aug. 3, 1998), and are thus cognizable only in a habeas corpus proceeding. *Wolff v. McDonnell*, 418 U. S. 539, 554 (1974); *Taylor v. Wallace*, 931 F.2d 698, 699 n.1 (10th Cir. 1991). The complaint contains no allegation that Plaintiff has exhausted state court remedies. Plaintiff's complaint will be dismissed without prejudice to his right to file an application under 28 U.S.C. § 2254 after his claims have been exhausted in state court.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and this action is DISMISSED.

UNITED STATES DISTRICT JUDGE